**Nouar GOUASMIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71644.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2008.*

Filed Aug. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN and SILVERMAN, Circuit Judges, and SINGLETON **, Senior District Judge.

MEMORANDUM ***

Nouar Gouasmia, an Algerian citizen, seeks review of the Attorney General's decision finding him ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). As the parties are familiar with the underlying facts, they will not be repeated here.

An alien is eligible for asylum if "he is unable or unwilling to return to [his native country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Ahmed v. Keisler,* 504 F.3d 1183, 1191 (9th Cir.2007) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42)(A). Where an alien has suffered past persecution, a rebuttable presumption arises that he also has a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1).

Elias Z. Shamieh, Esq., Law Offices of Shamiyeh & Shamieh, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Sara Winslow, Esq., Office of the U.S. Attorney, San Francisco, CA, for Respondent.

■ Here, the Attorney General, acting through an Immigration Judge and the Board of Immigration Appeals, found that the threatening letters and other events Gouasmia experienced after civil war broke out in Algeria did not constitute persecution. We conclude such finding is supported by substantial evidence. *See Ahmed,* 504 F.3d at 1191. The threatening letters Gouasmia received did not identify who sent them. Even assuming Gouasmia is correct in his belief that they were sent by a terrorist group that wanted to recruit him, in the several months dur-

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing which he received such letters, he was never detained or even approached by a terrorist group. Such events do not rise to the "extreme" level of conduct that constitutes "persecution." *Loho v. Mukasey,* 531 F.3d 1016, 1017 (9th Cir.2008).

 The Attorney General also found that Gouasmia does not have an objectively well-founded fear of suffering future persecution if returned to Algeria, because the record evidence of current conditions in Algeria does not establish that someone in Gouasmia's position would be persecuted on account of a statutorily protected ground. The Attorney General noted that after Gouasmia received the threatening letters just discussed, he lived in the desert region of Algeria for more than four years without incident. *See Kaiser v. Ashcroft,* 390 F.3d 653, 659 (9th Cir.2004) (holding that an alien is ineligible for asylum where he can " 'avoid persecution by relocating to another part of [his] country of nationality . . . if under all the circumstances it would be reasonable to expect him to do so' ") (quoting 8 C.F.R. § 208.13(b)(2)(ii)). Even after leaving Algeria, he was able to return for a visit in 2002, also without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (holding that an alien's "claim of persecution upon return [to his native country] is weakened, even undercut, . . . when [he] has returned to the country without incident"). Again, we conclude such findings adequately are supported. While there may still be unrest in Algeria, the record does not establish that Gouasmia is likely to be persecuted on the basis of a statutorily protected ground or that it would be unreasonable to expect him to return to the desert region where he previously has lived peaceably.

Because Gouasmia failed to show that he is eligible for asylum, he necessarily also fails to meet the "more stringent standard of proof" for withholding of removal. *Loho,* 531 F.3d at 1019. Likewise, he cannot establish that he will more likely than not be "tortured" if returned to Algeria, as required under the CAT. *See Lanza v. Ashcroft,* 389 F.3d 917, 936 (9th Cir.2004) (noting the standard under the CAT is "narrower" than for asylum or withholding of removal because the petitioner must show a likelihood that he "will be tortured, and not simply persecuted") (internal quotation marks omitted).

For these reasons, the petition for review is

**DENIED.**